IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.

**SAM WESTRY,**

Petitioner.

Criminal No. **3:04CR267**

## MEMORANDUM OPINION

### I. Statement of Facts

Sam Westry is 76 years old. In 2005, the Court convicted Westry of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Presentence Investigation Report ("PSR") at 1, ECF No. 65.) At sentencing, the Court found Westry subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA") and sentenced Westry to 180 months of imprisonment, with time served, and four years supervised release. (*Id.* ¶ 25; J. 2.) Currently, Westry is on home confinement and will officially be released on September 22, 2017. (Gov't Resp. Sec. Supp. Reply 9, ECF No. 82.) Westry has filed this successive 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 63) seeking relief based upon *Johnson v. United States*, 135 S. Ct. 2551 (2015), contending that his Virginia convictions for burglary and statutory burglary no longer qualify as predicate "violent felonies" for an ACCA enhancement. Because the parties ultimately agree that relief is warranted but differ on its form, Westry's § 2255 Motion will be GRANTED. Further, Westry's recommended relief, that he be resentenced to 120 months and three years of supervised release, will be GRANTED.

## II. Analysis

On June 22, 2016, Westry, appearing *pro se*,[1] filed a successive § 2255 Motion with this Court. (ECF No. 63.) By Order entered on July 7, 2016, the United States Court of Appeals for the Fourth Circuit granted Westry authorization to file his successive § 2255 Motion. (*See* ECF No. 68.) In his § 2255 Motion, Westry contends that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he was improperly sentenced as an Armed Career Criminal because his convictions for Virginia burglary no longer qualify as predicate "violent felonies" under the ACCA's force, enumerated, or residual clauses. (Pet'r's Supp. Reply 4–5, ECF No. 78.) The Government has responded and agrees with Westry that his § 2255 Motion should be granted.[2] (Gov't Resp. Sec. Supp. Reply 8–9, ECF No. 82.)

The Court found Westry guilty of possession of a firearm by a convicted felon. As noted by the Supreme Court,

> Federal law forbids certain people-such as convicted felons, persons committed to mental institutions, and drug users-to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

*Johnson*, 135 S. Ct. at 2555 (citations omitted). At sentencing, it was determined that Westry had at least three prior convictions that qualified as predicate violent felonies for purposes of concluding that he was an Armed Career Criminal. (PSR ¶ 25.) Specifically, Westry was

---

[1] On November 17, 2016, the Court appointed counsel for Westry, Mr. Paul E. Shelton, Esq. (ECF No. 75.)

[2] The Government "has felt compelled to consider [that] . . . [t]he defendant is 76 years old, has already been released to home confinement with his daughter, and will be officially released on September 22, 2017" in agreeing to a modification of Westry's sentence. (Gov't Resp. Sec. Supp. Reply 8–9, ECF No. 82.)

2

previously convicted in Virginia of Burglary, Second Degree Murder, Statutory Burglary, Attempted Robbery, and Use of a Firearm in Commission of a Felony.[3] (*Id.*)

The ACCA defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." *Johnson*, 135 S. Ct. at 2556. In *Johnson*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. *Id.* at 2557.

In agreeing that Westry is entitled to relief, the Government states:

> In *Castendet-Lewis v. Sessions*, __ F.3d __, 2017 WL 1476649 (4th Cir. Apr. 25, 2017), the Fourth Circuit revised the approach to statutory burglary under the ACCA. After previously treating Virginia burglary as a divisible offense, with a divisible portion falling within generic burglary, *see, e.g., United States v. Foster*, 662 F.3d 291 (4th Cir. 2011), *reh'g denied*, 674 F.3d 391 (4th Cir. 2012), the Fourth Circuit held in *Castendet-Lewis* that Virginia statutory burglary under Va. Code § 18.2-91 is not divisible. The Fourth Circuit's opinion in *Castendet-Lewis* concluded that *Foster* "does not survive the Supreme Court's decision in" *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Castendet-Lewis*, 2017 WL 1476649 at *7.
>
> . . . .
>
> In *United States v. Winston*, 850 F.3d 677 (4th Cir. 2017), the Fourth Circuit held that a defendant did satisfy the statute of limitations and the limitation on successive § 2255s by filing within one year of the Supreme Court's opinion invalidating the Armed Career Criminal Act's residual clause in *Johnson v. United States*, 135 S. Ct. 2551 (2015), because the defendant's prior conviction *may* have been classified as a violent felony under the residual clause.
>
> The district court in *Winston* concluded that a defendant could obtain relief for a successive § 2255 (and have a timely § 2255) within one year of *Johnson* because it was *unclear* in *Winston* whether the residual clause was used.

---

[3] The convictions for Attempted Robbery and Use of a Firearm in Commission of a Felony are considered one predicate offense since both were committed on the same occasion. *See* 18 U.S.C. § 924(e)(1); *see also United States v. Linney*, 819 F.3d 747, 751 (4th Cir. 2016).

3

Thus, the district court concluded that "courts have held that—when unclear on which ACCA clause the sentencing judge rested a predicate conviction—the petitioner's burden is to show only that the sentencing judge may have used the residual clause." *United States v. Winston*, __ F. Supp. 3d __, 2016 WL 49440211, *6 (W.D. Va. Sept. 16, 2016). The Fourth Circuit affirmed that ruling. (Gov't Resp. Sec. Supp. Reply 3–6.)

The record before the Court does not establish whether Westry's burglary and statutory burglary convictions were deemed predicate offenses under the unconstitutional residual clause of the ACCA or as enumerated offenses. (PSR ¶ 25.) Both parties properly recognize that *Winston* is currently the controlling law in the Fourth Circuit. Because Westry's convictions for burglary and statutory burglary *may* have rested on the now-void residual clause of the ACCA, Westry's § 2255 Motion (ECF No. 63) will be GRANTED. Further, Westry's Motion for an Expedited Ruling (ECF No. 80) will be DENIED as moot.

### III. Relief

Although the parties agree Westry's § 2255 Motion should be granted, they differ on the form of relief. The Government, without explanation, recommends "that the court simply enter a new Judgment and Commitment Order sentencing the defendant to time served and reducing his supervised release from 4 to 3 years." (Gov't Resp. Sec. Supp. Reply 9, ECF No. 82.) On the other hand, Westry recommends this Court "should enter a new Judgment and Commitment Order reducing [his] sentence to 120 months' imprisonment and 3 years supervised release, both of which are the statutory maximum punishments now that he no longer qualifies for the ACCA enhancement." (Pet'r's Third Supp. Reply 3, ECF No. 83.) According to Westry, "[i]f the Court . . . instead reduce[s] his sentence to 'time served,' this would still be unconstitutional because Mr. Westry has already almost fully served his original 180-month sentence, well beyond the 120-month maximum." (*Id.*)

4

Under 18 U.S.C. § 924(a)(2), the maximum penalty for a conviction of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) without an ACCA enhancement is ten years (120 months). 18 U.S.C. § 924(a)(2). A conviction for which a ten year sentence is imposed is classified as a Class C Felony. 18 U.S.C. § 3559(a)(3). A Class C Felony carries a maximum of three years of supervised release. 18 U.S.C. § 3583(b). The maximum penalty for a non-ACCA enhanced 922(g) conviction is ten years and three years supervised release. The Court therefore orders the relief sought by Westry. Westry's sentence is hereby REDUCED to 120 months, with time served, and his supervised release is REDUCED to three years. *See United States v. Winston*, No. 3:01-CR-00079, 2017 WL 1498104, at *3 (W.D. Va. Apr. 25, 2017). Further, because Westry has served the reduced 120 months sentence, it is ORDERED that he be immediately released from home confinement.

An appropriate Order shall issue.

It is so ORDERED.

Date: 5/19/17
Richmond, Virginia

/s/ M. Hannah Lauck
United States District Judge